UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **STEPHEN K. BOLIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CAUSE NO. 4:07-CV-024 AS** |
| ) | |
| **MICHAEL J. LOHORN,** ) | |
| ) | |
| **Defendant.** ) | |

*OPINION AND ORDER*

Stephen K. Bolin, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Dockets.Justia.com

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bolin alleges that his public defender did not have a psychological evaluation performed on him in connection with his state criminal trial. He also alleges that the public defender did not present evidence as to an insanity defense to the jury and that he committed perjury during his state post-conviction relief proceeding. Finally he alleges that his public defender did not timely provide him with requested files and did not follow the orders of the state courts.

A defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Because the defendant was not a state actor and did not act under color of state law, he cannot be sued under § 1983 and this court lacks federal question jurisdiction.

To the extent that he is asserting a claim for legal malpractice, that is a state, not a federal cause of action. Therefore, subject matter jurisdiction, it if exists at all, must be based on diversity.

> In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $ 75,000).

*Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Mr. Bolin asks for more than a million dollars. This meets the second prong of this test. Nevertheless, he is unable to meet the first prong because based on this complaint, it appears that both he and the public defender are citizens of Indiana. Therefore the court lacks diversity jurisdiction.

For the foregoing reasons, the court **DISMISSES** this case **WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. 1915A.

**IT IS SO ORDERED.**

**ENTERED: April 11, 2007**

                                              **S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

case 4:07-cv-00024-AS-PRC   document 4   filed 04/11/2007   page 3 of 3